IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                         **Criminal No. 1:18cr167-HSO-JCG-1**
                                                                   **Civil No. 1:20cv117-HSO**

**HOWARD LEE WALKER, III**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT
HOWARD LEE WALKER, III'S MOTION [23] TO VACATE, SET ASIDE, OR
CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY
PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT is Defendant Howard Lee Walker, III's Motion [23] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. After due consideration of the Motion, the record, and relevant legal authority, the Court finds that Walker's Motion [23] should be denied without an evidentiary hearing.

I. RELEVANT BACKGROUND

On November 27, 2018, a one count Information [1] was filed in this case charging Defendant Howard Lee Walker, III ("Walker" or "Defendant") with knowingly and intentionally conspiring with a co-defendant to possess with intent to distribute a detectable amount of oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. *See* Information [1]. Subsequently, on December 4, 2018, Defendant entered into a written Plea

Agreement [13] with the Government and pled guilty to the Information [1]. Min. Entry, Dec. 4, 2018.

Pursuant to the written Plea Agreement [13], Defendant reserved "the right to raise ineffective assistance of counsel claims," but otherwise waived "the right to appeal the conviction and sentence imposed in this case" and "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding." Plea Agreement [13] at 4.

On March 7, 2019, the Court sentenced Walker to a sixty-month term of imprisonment followed by a three-year term of supervised release. Min. Entry, March 7, 2019; J. [21]. The Court further ordered Defendant to pay a $3,000.00 fine and a $100.00 special assessment. J. [21]. The Judgment of Conviction [21] was executed and filed on March 11, 2019. Defendant did not appeal the judgment.

Proceeding pro se, Defendant filed the present Motion [23] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 on March 25, 2020. *See* Def's Mot. [23]. The Motion [23] asserts that Walker was denied effective assistance of counsel at sentencing when his attorney failed to object to the Presentence Investigation Report's ("PSR") two-level firearm enhancement and failed to request a judicial recommendation that Defendant be considered eligible for early release under 18 U.S.C. § 3621(e). Mem. in Supp. at 5.

Walker's trial counsel, Leilani Leith Tynes ("Ms. Tynes"), has filed an Affidavit [26], stating that Walker cannot show that he received ineffective assistance of counsel because she originally objected to the enhancement but

withdrew the objection after consulting with Walker. Aff. [26] at 3. Further, Ms. Tynes asserts that the firearm enhancement was correctly included and that any further objection would have been meritless. *Id*. The Government's Response [27] avers that Walker's Motion is time-barred by § 2255(f) because it was filed over a year after his judgment became final. Resp. [27] at 9. The Government alternatively argues that the two-level firearm enhancement was properly included and that objecting to the enhancement would have been futile because the evidence clearly supported its application. *Id*. Walker has not replied to either Ms. Tynes' Affidavit [26] or to the Government's Response [27].

## II. DISCUSSION

A.   Legal Standard

Once finally convicted, there are four narrow and separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992). "[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)).

Upon conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *Shaid*, 937 F.2d at 231-32. Relief under § 2255 is therefore reserved for violations of constitutional rights and for a narrow range of injuries which could not have been raised on direct appeal and which, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

B.   Timeliness of Walker's Motion

The Government argues that Defendant Walker's Motion [23] is barred by the one-year limitation period set forth at § 2255(f) and should be denied accordingly. Resp. [27] at 9. There is a one-year period of limitation that applies to a motion brought under 28 U.S.C. § 2255. Under § 2255(f), the limitation period begins to run from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). When a criminal defendant chooses not to pursue a direct appeal of his conviction, that conviction "becomes final on the day when the time for filing a direct appeal expires." *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012) (citing *United*

4

*States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008)).  Federal Rule of Appellate Procedure 4(b)(1)(A) provides that a defendant's notice of appeal in a criminal case "must be filed in the district court within 14 days" after the entry of the judgement.

Here, Defendant's Judgment of Conviction [21] was entered on March 11, 2019.  J. [21].  Walker did not appeal his conviction or sentence.  After 14 days, on March 25, 2019, Defendant's Judgment of Conviction [21] became final.  Therefore, the limitation period for seeking § 2255 relief began to run on March 25, 2019, and Defendant's § 2255 motion was due by March 25, 2020.  28 U.S.C. § 2255(f)(1).  Defendant filed his Motion [23] on March 25, 2020.  Attach. to Motion [23-1] at 1.  Therefore, the Motion [23] was filed within the period of limitation under 28 U.S.C. § 2255(f)(1) and is timely.

C.  Ineffective assistance of counsel

The Government argues that, even if Defendant's Motion [23] is timely, he fails to demonstrate that his counsel rendered ineffective assistance.  Resp. [27] at 9.  The Sixth Amendment to the United States Constitution guarantees the right to the assistance of counsel during the sentencing process.  *Lafler v. Cooper*, 566 U.S. 156, 165 (2012); *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).  Claims of ineffective assistance of counsel are properly asserted through a motion to vacate pursuant to § 2255.  *United States v. Gaudet*, 81 F.3d 585, 589 n.5 (5th Cir. 1996) (citation omitted).  To succeed on a § 2255 motion asserting ineffective assistance, a petitioner must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that this deficient performance

5

prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Failure to establish either prong—deficient performance or prejudice—defeats the claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

In proving deficient performance, a petitioner must overcome the strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690; *see United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012). A failure to object does not constitute deficient representation unless a sound basis exists for objection. *Emery v. Johnson*, 139 F.3d. 191, 198 (5th Cir. 1997). "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

To demonstrate prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 111, 112 (2011). The Supreme Court has defined a reasonable probability as a "probability sufficient to undermine confidence in the outcome." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 694). Furthermore, to prove ineffectiveness at sentencing, a defendant must show that he would have received a lower sentence if not for his attorney's action or inaction. *United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004).

1.     Deficient performance

Defendant claims that his counsel rendered deficient performance when she failed to object to the PSR's [18] two-level firearm enhancement and failed to request a judicial recommendation that Defendant be considered eligible for early release under 18 U.S.C. § 3621(e).  Mem. in Supp. [24] at 3.  Defendant asserts that his counsel should have had actual or constructive knowledge that the gun enhancement would disqualify him from eligibility for early release, and that a lack of such knowledge falls below any objective standard of reasonableness.  *Id*. at 4-5.

Under the federal sentencing guidelines, where a firearm was possessed, a two-level enhancement should be applied "unless it is clearly improbable that the weapon was connected to the offense."  U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.11(A) (U.S. Sentencing Comm'n 2005).  The Government bears the burden of demonstrating "by a preponderance of the evidence that a temporal and spatial relationship existed between the weapon, the drug trafficking activity, and the defendant."  *United States v. Jacquinot*, 258 F.3d 423, 430 (5th Cir. 2011) (quoting *United States v. Vasquez*, 161 F.3d 909, 912 (5th Cir. 1998)).  A temporal and spatial relationship is established when a weapon is found in the same location where the drugs or drug paraphernalia are stored or where part of the transaction occurred.  *See Jacquinot*, 258 F.3d at 430-31 (holding that a temporal and spatial relationship existed between the defendant, the drugs in the bed of the defendant's truck, and the unloaded guns in the cab of the defendant's truck); *see also United States v. Musquiz*, 45 F.3d 927, 929, 932 (5th Cir. 1995) (finding a temporal and

7

spatial relationship to support a two-level firearm enhancement when a gun was found under the seat of the car used in an attempted theft of narcotics).

Additionally, for the purposes of a two-level firearm adjustment, "[i]t is not necessary for possession of the weapon . . . to be sufficiently connected with the crime to warrant a prosecution as an independent firearm offense." *Jacquinot*, 258 F.3d at 431 (quoting *United States v. Villarreal*, 920 F.2d 1218, 1221 (5th Cir. 1991)).  In the case of a jointly undertaken criminal activity such as this one, a two-level firearm enhancement is appropriately applied to determine a defendant's own offense level regardless of whether the weapon belonged to the defendant himself or to his co-defendant.  U.S.S.G. § 3(a)(1)(B).  Once the Government has shown that the weapon was present, the burden shifts to the defendant to demonstrate that it was clearly improbable that the weapon was used in connection with the offense. *Jacquinot*, 258 F.3d at 431.

In this case, the Government established a temporal and spatial relationship between Defendant, the gun, and the criminal activity.  Just as in *Jacquinot* and *Musquiz*, it is undisputed that the weapon was found in the cab of the vehicle used in the drug trafficking offense and in which Defendant was present.  *See* PSR *SEALED* [18] at 6-7 (detailing the offense conduct which led to Walker's arrest and prosecution, including that Walker was the front seat passenger in the vehicle, that a small bag of marijuana was found on Walker's person, that a loaded 9mm pistol was located under the front seat console area, that approximately 2.75 grams of methamphetamine was located in the passenger side glove compartment, and

8

that approximately 517 illegal narcotic pills were discovered and seized from the passenger area of the vehicle); *see also Jacquinot*, 258 F.3d at 430-31; *Musquiz*, 45 F.3d at 932; [18] at 6.  Because the Government has carried its burden of proof, Defendant must show that it was clearly improbable that the weapon was connected to the offense.  *See Jacquinot*, 258 F.3d at 431.  In her Affidavit [26], Ms. Tynes states that there was no evidence to support a finding that the enhancement would not apply.  Aff. [26] at 3.  Additionally, Defendant has not presented any evidence that would refute this contention, or the evidence set forth in the PSR.  As such, any objection by Ms. Tynes would have been meritless, and the failure to raise a meritless objection does not constitute deficient representation.  *See Emery*, at 198; *see also Clark*, at 966.  Defendant cannot show that his counsel rendered deficient performance in support of his ineffective assistance of counsel claim.

2.  Prejudice

Defendant also claims that his counsel's failure to object to the two-level firearm enhancement and failure to request a judicial recommendation for Defendant to be considered for early release pursuant to 18 U.S.C. § 3621(e) prejudiced him because it resulted in his ineligibility for early release.  Mem. in Supp. [24] at 3.  Defendant claims that had Ms. Tynes objected to the two-level enhancement, she could have urged the Court to adopt a sentence based on the same offense level and within the same sentencing guideline range that still preserved his eligibility to apply for early release.  Mem. in Supp. [24] at 5.

9

"Any [increase in] actual jail time has Sixth Amendment significance," and constitutes prejudice for purposes of *Strickland*. *United States v. Conley*, 349 F.3d 837, 842 (5th Cir. 2003) (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)). "Actual jail time" does not include mere eligibility for consideration for early release when the defendant's offense level and guideline range remain the same. *Compare Glover*, 531 U.S. at 209 (finding that the defendant was prejudiced when he was sentenced under the incorrect guideline range based on an elevated Offense Level due to his counsel's erroneous sentencing calculation); *Conley*, 349 F.3d at 841 (holding that the defendant was prejudiced by his counsel's failure to object to a 120-month sentence when the maximum applicable penalty under the statute was 60 months); *United States v. Franks*, 230 F.3d 811, 815 (5th Cir. 2000) (finding that the defendant was prejudiced by his counsel's failure to object to an improper enhancement which increased his overall offense level and his sentencing guideline range); *with Lockhart*, 474 U.S. at 60 (holding that counsel's erroneous advice as to parole eligibility did not prejudice the defendant and cannot be considered ineffective assistance of counsel).

In this case, even if Ms. Tynes had successfully objected to the firearm enhancement, Defendant's only change in position would be his eligibility for consideration for relief under § 3621(e), rather than a lower sentence, which is required to demonstrate prejudice. *See Grammas*, 376 F.3d at 438; Mem. in Supp. [24] at 5. By Defendant's own admission, "judicial recommendations carry little or no factor that the [Bureau of Prisons] considers in making evaluations and

10

decisions" and he is advocating for "the same sentence, under better conditions." *Id.* at 5-6. Defendant's offense level would remain a 23 and his sentencing guideline range would remain 57-71 months. *Id.* Because this requested eligibility for early release does not suggest a lower offense level or guideline range and does not constitute a decrease in actual jail time, Defendant cannot show that he was prejudiced by his counsel's performance. *See Conley*, 349 F.3d at 841-42. Defendant therefore cannot demonstrate that he received ineffective assistance of counsel and his Motion [23] must be denied.

### III. CONCLUSION

Because the Motion and records conclusively show that Defendant is entitled to no relief, the Court finds that Walker's Motion [23] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Howard Lee Walker, III's Motion [23] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to § 2255, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 18th day of August, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE